IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GARY CLARK | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CV166 |
| | ) | |
| V. | ) | |
| | ) | |
| DENNIS BAKEWELL | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

## Introduction

Pending before the court is a petition for writ of habeas corpus.  The petition has been signed , and the petitioner has verified under penalty of perjury that the information therein and the attachments to the petition are true and correct.

The petitioner has also filed a motion to compel and for temporary restraining order, (filing 7), and a motion for judicial notice of adjudicated facts, (filing 8).

The court has conducted an initial review of the petitioner's habeas corpus filings to determine whether the claims made are potentially cognizable  habeas claims in federal court.  The court must liberally construe a pro se petitioner's habeas filings, and consistent with this mandate, the court has reviewed not only the petitioner's petition for writ of habeas corpus, but also his filing 7 motion to compel  and for temporary restraining order and his filing 8 motion for judicial notice of adjudicated facts.

## State Criminal and Post-Conviction  Proceedings

By way of background, and based on the allegations and attachments to the petitioner's filings, in December 2000, the petitioner was detained in the Douglas County jail pending trial on criminal charges filed in the District Court of Douglas

County, Nebraska.  He was released from pretrial  detention on his own recognizance, subject to the condition that he register as a sex offender and return to appear before that court on January 3, 2001.  The petitioner went to Texas and did not appear in court on January 3, 2001.  The Douglas County District Court issued a warrant for petitioner's arrest on January 5, 2001 for failing to appear on the charge of "Sex Offender Registration Act Violation."  Filing 1, ex. 2.   The petitioner was apprehended and arrested on that warrant in Texas in November of 2005.  He was extradited to Nebraska on a Governor's Warrant to be tried on the charges pending in the Douglas County District Court.  He was represented by counsel on those  charges and "pled nolo contendere to avoid the embarrassment of a ridiculous trial."  Filing 1,¶ 4.   The petitioner was convicted of failing to register as a sex offender, a Class IV felony in Nebraska.   On March 3, 2006, he was sentenced to twenty months to four years of prison in the Nebraska Department of Corrections.   Filing 1, ex. 1.  The petitioner filed a petition for writ of habeas corpus in the Lancaster County District Court.  This petition was dismissed in February of 2007.  The petitioner filed a state motion for post-conviction relief on February 28, 2007.  As of April 23, 2007, when this case was filed, he had received no response to that motion.  "Petitioner does not expect any response therefrom and prays for relief from this honorable court as justice and equity may best be served."  Filing 1, ¶ 13.  He is currently an inmate at the Nebraska State Penitentiary in Lincoln, Nebraska.

## Summary of Claims

The petitioner's habeas claims pending in this court can be summarized in five categories, each category representing a different stage of his state criminal and post-conviction  proceedings.  So summarized, the plaintiff's habeas petition alleges:

Pretrial Proceeding Claims.

1.      While detained in the Douglas County jail in December of 2000, the petitioner was forced to sign a form requiring him to register with the

Sex Offender Registration Act and appear for a pretrial hearing on January 3, 2001 in order to be released pending trial.  Filing 7, ¶ 2.

2.     The arrest warrant issued by the Douglas County Court in January of 2001, (filing 1, ex. 2), was invalid because it was not properly dated and signed by a judge, and failed to reflect that the petitioner was officially charged with a crime.   Filing 1, ¶¶ 2-3.

3.     The petitioner's arrest in Texas in November of 2005 was unlawful and void because, at the time of his arrest, the petitioner was residing and located in Texas, and his arrest was therefore beyond the jurisdictional boundaries of the State of Nebraska and unauthorized under the language of the arrest warrant.   Filing 1, ¶¶  1, 5, 8.

4.     The petitioner was unlawfully detained and fingerprinted by Texas authorities pending extradition to Nebraska, and his habeas challenge to this arrest and detention was denied.  Filing 1, ¶¶ 6-7.

5.     The petitioner did not sign a waiver of extradition and was unlawfully extradited from Texas to Nebraska on an invalid Governor's Warrant. Filing 1, ¶ 6, exs. 3-4; filing 7, ¶ 7.

Conviction Claims.

1.     The petitioner was not charged with committing a crime under Nebraska law, and therefore the court lacked subject matter jurisdiction over petitioner's criminal case.

2.     The petitioner was actually innocent; the court failed to expunge his record.

3.      The Douglas County District Court disregarded the rules of evidence; specifically, no original court records were offered to support the government's case.   Filing 1, ¶ 10.

Sentencing Claims.

The sentence imposed by the Douglas County District Court Judge was unlawful because the judge failed to order or rely upon a presentence investigation report in sentencing the petitioner as required under Nebraska law, and relied upon misinformation concerning the petitioner's criminal record.  Filing 1, ¶¶ 4, 9, ex. 1.

Direct Appeal Claims.

The petitioner was unable to properly file an appeal because his trial counsel withdrew, he was not appointed new counsel for appeal, and the prison denied him adequate access to legal resources.  Filing 1, ¶ 12.

Claims Arising Post-Conviction.

1.      The petitioner was denied the right to appeal the dismissal of his writ of habeas corpus filed in the state court because the files and records produced by the Nebraska Attorney General's office were not properly authenticated, rendering any appeal useless.  Filing 1, ¶ 11.

2.      The petitioner and his family have been harmed by the previously described intentional and concerted efforts of state officials to deny his rights to equal protection, due process, and access to the courts.  The prison is continuously demanding,

with written and oral threats, that the petitioner participate in sex offender programs, and has eliminated or hindered his access to work programs.   Filing 1, ¶ 14; filing 7, ¶¶ 5-6, 8.

3.    The prison is delaying petitioner's outgoing legal mail and restricting his access to the law library.  Filing 1, ¶ 14; filing 7, ¶¶ 5-6, 8.

**Potential Federal Habeas Claims**

Liberally construed, the court preliminarily decides that the following claims are potentially cognizable habeas claims in federal court.  However, the court cautions that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent the petitioner from obtaining the relief sought.

Claim One:       Construed as a due process claim, the petitioner was not charged with committing a crime under Nebraska law, and therefore the court lacked subject matter jurisdiction over petitioner's criminal case.

Claim Two:       Construed as a due process claim, the petitioner was actually innocent.

Claim Three:    Construed as a due process claim, the sentencing judge relied on false or inaccurate information regarding the petitioner's past criminal record in determining the sentence.

Claim Four:        Construed as a Sixth Amendment claim and a due process claim, the petitioner was entitled to and denied access to counsel on appeal, and was denied access to legal resources for filing a direct appeal.

### Claims Not Cognizable as Federal Habeas Claims

Liberally construed, the court decides the following claims are not cognizable  habeas claims in federal court.

Pretrial Proceeding Claims.

The petitioner's claims arising prior to entering a plea of nolo contendere (the "pretrial proceeding claims") cannot provide a basis for habeas relief.  "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."  Tollett v. Henderson, 411 U.S. 258, 267 (1973).  Although the petitioner did not plead guilty, a plea of nolo contendere, like a plea of guilty, waives all nonjurisdictional defects occurring prior to entry of that plea.  See U.S. v. Clark, 459 F.2d 977, 978 (8th Cir. 1972).

Where the petitioner is represented by counsel and voluntarily enters a plea, a conviction on a plea of nolo contendere forecloses collateral attack on all non-jurisdictional issues.  United States v. Broce, 488 U.S. 563, 569 (1989).  Therefore, the petitioner cannot raise a valid federal habeas claim alleging:

--      He was forced to register with the Sex Offender Registration Act in exchange for pretrial release.  A suspect who is presently detained may challenge his or her confinement, but a conviction will not be vacated on the ground that the defendant was unlawfully detained pending trial.  Gerstein v. Pugh, 420 U.S. 103, 119 (1975).  Moreover, assuming the petitioner was

6

forced to register as a sex offender as a condition of pretrial release, "sex offender registration requirements are simply not the 'severe restraint on individual liberty' for which habeas corpus relief is reserved."  Lannet v. Frank,  2004 WL 1774658, *3 (W.D. Wis. 2004)(quoting Hensely v. Municipal Court, 411 U.S. 345, 349 (1973)).  See also Gunderson v. Hvass, 339 F.3d 639 (8th Cir. 2003)(denying prisoner's § 1983 claim because requiring registration of sex offenders and certain offenders convicted of non-sexual crimes is nonpunitive in nature and rationally related to government's legitimate interest of requiring all predatory offenders to register, including those who take advantage of favorable plea bargains).

--      He was arrested on an invalid warrant, and unlawfully arrested outside of Nebraska.  A defect in an arrest warrant, or the illegal arrest or detention of the petitioner based on that allegedly defective warrant, cannot serve to void a subsequent conviction.   Gerstein, 420 U.S. at 119; Frisbie v. Collins, 342 U.S. 519 (1952); Ker v. Illinois, 119 U.S. 436 (1886).

--      He was unlawfully detained and fingerprinted by Texas authorities. Johnson v. Petrovsky,  626 F.2d 72, 73 (8th Cir. 1980)(holding voluntary guilty plea barred the habeas petitioner from challenging the validity of his search and seizure).

--      He was extradited from Texas to Nebraska on an invalid Governor's warrant.  A "fleeing felon possesses no federal constitutional rights to protect against improper extradition proceedings."  Brown v. Nutsch, 619 F.2d 758, 762 (8th Cir. 1980).  "There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will.  Frisbie, 342 U.S. at 522.  See also, Beachem v. Attorney Gen. of Mo., 808 F.2d 1303, 1304 (8th Cir. 1987)(holding subsequent guilty plea waives alleged extradition constitutional claims for habeas corpus relief).

Conviction Claims.

Although the plaintiff asserts the trial court failed to comply with the rules of evidence by permitting the government to prosecute him in the absence of original court records, "[t]he admissibility of evidence is usually a matter of state law and procedure and does not involve federal constitutional issues.  A justiciable federal issue is presented in a habeas corpus proceeding only where trial errors infringe upon a specific constitutional protection or are so prejudicial as to amount to denial of due process."  Davis v. Campbell, 608 F.2d 317, 319 (8th Cir. 1979).  The petitioner pleaded nolo contendere; there was no trial.  The petitioner has raised no federal constitution claim arising from the trial court's alleged failure to comply with the rules of evidence.

Sentencing Claims.

The petitioner alleges his sentence must be vacated because the sentencing judge failed to order or rely upon a presentence investigation report as required under Nebraska law.   However, "nothing in the federal Constitution requires a court to consider or even prepare a presentence report.  To the extent that a report was required in petitioner's case, it was required only as a matter of state law; 'there is no federal constitutional right to a presentence investigation and report.'"  Bridinger v. Berghuis, 429 F. Supp. 2d  903, 909 (D. Mich. 2006)(quoting Elswick v. Holland, 623 F. Supp. 498, 502 (S.D.  W. Va. 1985) and citing Lawson v. Riddle, 401 F. Supp. 410, 412 (W.D. Va. 1975)).

Claims Arising Post-Conviction.

The petitioner asserts he was denied the right to appeal the dismissal of his state habeas claim because the Attorney General's office failed to produce properly authenticated files and records to the district court.  "The Due Process Clause of the Fifth Amendment does not establish any right to an appeal, . . .  and certainly does not establish any right to collaterally attack a final judgment of conviction."  U. S. v. MacCollom, 426 U.S. 317, 323 (1976).   The state may

8

choose to adopt or enact avenues for obtaining state post-conviction relief, but the federal constitution does not govern the "proper authentication" of files and records for these state court proceedings, or the evidentiary rules or appeal process required in these proceedings. The petitioner's claim that the Attorney General failed to produce an adequate record at the state post-conviction relief hearing may or may not have some bearing on whether he adequately exhausted available state post-conviction remedies before filing this federal habeas action, but it does not provide an independent claim under the federal constitution for vacating his conviction and sentence.

The petitioner's remaining claims seek injunctive and compensatory relief under 42 U.S.C. § 1983. Such relief cannot be obtained in a habeas action, and any such claims for relief in this lawsuit must be dismissed on initial review. The petitioner is cautioned, however, that with respect to most of § 1983 claims he attempts to raise in the habeas case, successfully obtaining habeas relief is a necessary prerequisite to successfully pursuing a § 1983 action. See Heck v. Humphrey, 512 U.S. 477 (1994). Specifically:

-- To the extent the petitioner alleges that he and his family have been defamed, economically harmed, and denied family relations because of his unlawful conviction and sentence, the merits of these § 1983 claims rests on the outcome of petitioner's habeas lawsuit. The petitioner must first successfully challenge his conviction and/or sentence in a habeas action. Heck v. Humphrey, 512 U.S. 477 (1994).

-- To the extent the petitioner alleges he is being required to participate in prison sex offender programs and has been denied access to prison work programs, depending on the state court's sentence or the prison's regulations or operating policies, these circumstances may also be a direct result of the petitioner's conviction and sentence. If so, the petitioner's § 1983 action raising these allegations cannot be

9

pursued in the absence of a successful habeas challenge.  <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

--      As to the petitioner's claims that the prison is delaying his outgoing legal mail and  restricting his access to the law library, these claims do not rest on the outcome of the petitioner's habeas lawsuit; they are not "at odds with his conviction or . . . the underlying sentence." <u>Muhammad v. Close</u>, 540 U.S. 749, 751 (2004).  Rather, they seek a remedy for petitioner's alleged conditions of confinement and must be presented as a § 1983 action and not as an action for habeas relief. <u>Muhammad v. Close</u>, 540 U.S. 749, 751 (2004).

Therefore, to the extent the petitioner's federal habeas petition and his motion for Temporary Restraining Order , (filing 7), requests an order requiring NSP prison officials to refrain from interfering with the plaintiff's legal mail, tampering with his legal materials, or withholding reasonable access to the NSP Law Library, this requested relief must be denied in this action.

IT IS ORDERED that:

1.     The petitioner's Motion for Judicial Notice, (filing 8), is granted, and the facts set forth in that motion and the attachments thereto have been considered in entering this memorandum and order on initial review.

2.     The petitioner's Motion to Compel Response and Temporary Restraining Orders (TRO) Requested, (filing 7), is granted in part and denied in part as follows:

    a.     To the extent the petitioner seeks an order requiring NSP prison officials to refrain from interfering with the plaintiff's legal mail, tampering with his legal materials, or withholding reasonable access to the NSP Law Library, this requested relief is denied in this lawsuit for habeas relief.

b.  To the extent the petitioner seeks an order requiring the defendant to respond to his petition for writ of habeas corpus, the motion is granted as more clearly set forth in paragraphs 6 though 8 of this order.

3.  Upon initial review of the petitioner's habeas filings, (filings 1, 7, and 8), the court preliminarily determines that the following claims are potentially cognizable federal habeas claims:

Claim One:       Construed as a due process claim, the petitioner was not charged with committing a crime under Nebraska law, and therefore the court lacked subject matter jurisdiction over petitioner's criminal case.

Claim Two:       Construed as a due process claim, the petitioner was actually innocent.

Claim Three:     Construed as a due process claim, the sentencing judge relied on false or inaccurate information regarding the petitioner's past criminal record in determining the sentence.

Claim Four:      Construed as a Sixth Amendment claim and a due process claim, the petitioner was entitled to and denied access to counsel on appeal, and was denied access to legal resources for filing a direct appeal.

4.  Upon initial review, and as previously set forth in this memorandum and order, the court determines that all remaining claims raised in petitioner's habeas filings, (filings 1, 7, and 8), are not potentially cognizable federal habeas claims.

5.  The Clerk of the court is directed to mail copies of this memorandum and order, the § 2254 petition (filing 1), the Motion to Compel Response and Temporary Restraining Orders (TRO) Requested,

(filing 7), and the Motion for Judicial Notice, (filing 8), to the respondent and the Nebraska Attorney General by regular first-class mail.

6.    By October 19, 2007, the respondent shall file a motion for summary judgment or an answer.  The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: October 19, 2007: respondent's summary judgment or answer deadline.

7.    If the respondent elects to file a motion for summary judgment, the following procedures shall be followed by the respondent and the petitioner:

    A.    The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

    B.    The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in separate filing entitled: "Designation of  State Court Records in Support of Motion for Summary Judgment."

    C.    Copies of the motion for summary judgment, the designation, including state courts records, and the respondent's brief shall be served upon the petitioner except that respondent is only required to provide the petitioner with a copy of the specific pages of the record which are cited in the respondent's brief. In the event that the designation of state court records is deemed insufficient by the petitioner, the petitioner may file a motion with the court requesting additional documents.  Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D.    No later than 30 days following the filing of the motion for summary judgment, the petitioner shall file and serve a brief in opposition to the motion for summary judgment.   The

petitioner shall submit no other documents unless directed to do so by the court.

E.   No later than 30 days after the filing of the petitioner's brief, the respondent shall file and serve a reply brief.

F.   If the motions for summary judgment is denied, the respondent shall file an answer, a designation, and a brief that complies with terms of this order.  (See paragraph 8 of this order.)  The documents shall be filed no later than 30 days after the denial of the motion for summary judgment.  The respondent is warned the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions including the release of the petitioner.

8.   If the respondent files an answer, the following procedures shall be followed by the respondent and the petitioner:

A.   No later than 30 days after the filing of the answer, respondent shall file a separate brief.  Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of the petitioner's allegations that have survived initial review, and whether any claim is bared by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition.  See, e.g., Rules 5(b) and 9 of the Rules Governing Section 2254 Cases in the United States District Courts.

B.   The answer shall be supported by all state court records which are relevant to the cognizable claims.  See, e.g., Rule 5(c)-(d) of the Rules Governing Section 2254 Cases in the United States District Courts.  Those records shall be contained in separate filing entitled: "Designation of  State Court Records In Support of Answer."

      C.     Copies of the answer, the designation, and the respondent's brief shall be served upon the petitioner, except that respondent is only required to provide the petitioner with a copy of the specific pages of the designated record which are cited in the respondent's brief.  In the event that the designation of state court records is deemed insufficient by the petitioner, the petitioner may file a motion with the court requesting additional documents.  Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

      D.     No later than 30 days following the filing of the respondent's brief, the petitioner shall file and serve a brief in response.  The petitioner shall submit no other documents unless directed to do so by the court.

      E.     No later than 30 days after the filing of the petitioner's brief, the respondent shall file and serve a reply brief.

9.     No discovery shall undertaken without leave of the court.  See Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts.

Dated September 5, 2007.

                    BY THE COURT

                    s/ Warren K. Urbom
                    United States Senior District Judge