IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GARY CLARK, | ) | |
| | ) | |
| Petitioner, | ) | 8:07CV166 |
| | ) | |
| V. | ) | |
| | ) | |
| DENNIS BAKEWELL, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondent. | ) | |
| | ) | |

The petitioner has moved for appointment of counsel to represent him in this habeas action. Filing No. 10. The respondent has filed a formal objection. Filing No. 11. The petitioner has no constitutional right to counsel in this action for post-conviction relief. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). However, counsel will be appointed in an action for post-conviction relief under 28 U.S.C. § 2254 when the interests of justice so require.

> The interests of justice require the court to appoint counsel when the district court conducts an evidentiary hearing on the petition. . . . The appointment of counsel is discretionary when no evidentiary hearing is necessary. . . . In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors. . . . Where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel. . . .

Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994)(internal citations omitted). See also Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts.

Pursuant to the court's scheduling order, (filing no. 9), the respondent is given until October 19, 2007 to file a motion for summary judgment or an answer, along with the relevant state court record. Once the court has received these submissions and the petitioner's response, the court will assess the issues raised and determine if appointment of counsel is appropriate pursuant to the law set forth above. However, under the current posture of this case, the petitioner's motion for appointment of counsel is premature and will be denied without prejudice.

IT IS ORDERED:

The respondent's objection to petitioner's motion for appointment of counsel, (filing no. 11), is sustained. The petitioner's motion for appointment of counsel, (filing no. 10), is denied without prejudice.

DATED this 1st day of October, 2007.

BY THE COURT:

s/ Warren K. Urbom
Senior United States District Judge

2